IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JENNY BERRY, | § |
| *Plaintiff,* | § |
| v. | §  Civil Action No.  SA-16-CV-52-XR |
| BANNERR LIFE INS. CO., | § |
| *Defendants.* | § |

**ORDER**

On this date, the Court considered Defendants' Banner Life Insurance Company's motion for interpleader (docket no. 14), Third-Party Defendant Tracey Louise Viney's motion for summary judgment (docket no. 21), Berry's motion for summary judgment (docket no. 29), Viney's motion to strike Banner Life Ins. Co.'s response (docket no. 33), and Viney's motion for leave to file an amended counterclaim (docket no. 35).

**Background**

On December 15, 2000, Banner issued a life insurance policy to Glyndale Brady. At that time Brady named his then wife, Viney, as beneficiary. On March 8, 2005, Brady and Viney divorced.[1] In the Dissolution of Marriage Decree signed by an Oklahoma state judge, the judge ordered Brady to maintain Viney as the beneficiary of the policy.[2] In addition, Viney and Brady signed a Marital Settlement Agreement that reflected that Viney would remain the beneficiary of the life insurance policy. On June 16, 2005, Viney faxed a copy of the divorce decree to Banner Life Insurance Company.

---

[1] Case No. FD-2005-148, In the District Court of Canadian County, Oklahoma.
[2] "The Petitioner [Tracey Louise Brady] shall remain the beneficiary on Respondent's life insurance policies as follows:
1. Banner Life Insurance Company, policy #l 7B277476."

1

On August 1, 2007, Brady designated Jenny Berry as the sole beneficiary of the policy. Brady died on September 5, 2015. On October 1, 2015, Berry submitted a claim to Banner Life Insurance Company. On October 9, 2015, Viney submitted a claim, and on November 4, 2015, Viney also filed a motion in the Oklahoma state court to enforce the Oklahoma divorce decree.

Banner Life Insurance has not made any payment on the policy because of the competing claims.

On December 14, 2015, Berry filed a lawsuit in the 224th Judicial District Court of Bexar County, Texas alleging that Banner Life Insurance Company breached its contract by failing to pay the claim.

Banner Life Insurance timely removed this case to this federal court alleging diversity jurisdiction. Banner Life Insurance has now filed in this court an interpleader action.

## Motion for Interpleader

No party opposes Banner Life Insurance Company's interpleader action and its request to deposit into the registry of this Court Clerk's office the $200,000 life insurance benefit. Viney, however, opposes any subsequent dismissal of Banner Life Insurance and any granting of attorney's fees to Banner alleging that she has asserted a negligence claim against it for its alleged mishandling of the change in beneficiary. This Court, however, has reviewed the pleadings in this case and has not located any negligence claim by Viney asserted against Banner Life Insurance. It appears that Viney has sought the inclusion of Banner Life Insurance as a party defendant in the Oklahoma case, but that motion only seeks the joinder of Banner Life Insurance and asserts no negligence claim. In her Answer and Counterclaim filed in this Court

(docket no. 19), she seeks attorney's fees and costs against Banner, but asserts no causes of action.[3]

## Cross motions for summary judgment

Viney argues that as a matter of law the Oklahoma decree and settlement agreement is a final judgment, the terms of those documents state that the life insurance policy could not be modified absent the agreement of both parties, Viney never consented to the change in beneficiary, and the Oklahoma judgment must be upheld.  This Court agrees.  The Oklahoma decree was a final judgment, Viney provided Banner Life Insurance notice of the decree, the divorce decree provisions divided the couple's property, which included the life insurance policy, the decree did not award alimony and the provision prohibiting changing the beneficiary on the life insurance policy was not an award of alimony, and the judgment must be given effect. *See Carland v. Metro. Life Ins. Co.*, 935 F.2d 1114 (10th Cir. 1991) ("ERISA required that employer pay life insurance proceeds to employee's ex-wife as required by divorce decree, which was not preempted by ERISA, rather than paying employee's current wife pursuant to designation of beneficiary forms."); *Clark v. Clark*, 1969 Ok. 141, 460 P.2d 936, 940 (Ok. 1969)("Ordinarily, as between husband and wife, a change of beneficiary of a life insurance policy may be effected by a decree of divorce making disposition of the property of the spouses.").  Berry argues that *Clark* means she prevails.  Berry argues that the *Clark* court held a no change in beneficiary provision is unenforceable alimony.  *Clark* is not dispositive of this case.  In *Clark*, the husband challenged the divorce decree provision that prohibited a change in beneficiary as an improper, inequitable and unjust division.  The Supreme Court of Oklahoma determined "that the attempt to deprive the insured of all interest in the policy but yet require

---

[3] Viney's motion to strike (docket no. 33) is denied inasmuch as stated above she has pled no causes of action against Banner Life Insurance Company.

him to pay the premiums thereon in favor of his former wife for the entire balance of his lifetime was error." *Id*. at 941.  But this is not the procedural posture before this case.  In this case the divorce decree was a final judgment and no party appealed the decree.  In this case there was a final judgment that provided that Brady could not change the beneficiary of the life insurance policy absent agreement of the parties, there was no consent by Viney to a change in beneficiary, and accordingly Viney is the beneficiary of the policy.[4]  Berry's remaining arguments are without merit inasmuch as they are all premised on an allegation that Brady was being required to provide alimony benefits.  Those arguments are without merit.

## Conclusion

IT IS ORDERED, ADJUDGED AND DECREED that:

(a) Banner Life Insurance Company's motion for interpleader (docket no. 14) is GRANTED.  Banner shall deposit the Death Benefit and any applicable interest as required by law, less $8,000 attorney's fees and costs incurred by Banner, into the Registry of the Court within thirty (30) days of entry of this Order;

(b) Upon depositing the Death Benefit and any applicable interest as required by law, less $8,000 attorney's fees and costs incurred by Banner, in accordance with paragraph (a), Banner is dismissed from this case without prejudice.

---

[4] It also appears that Oklahoma law has changed since the issuance of the *Clark* opinion.  *See  Chapman v. Chapman*, 1984 OK 89, 692 P.2d 1369, 1374 (Ok. 1984)("Under the terms of the agreement the husband was to keep in force a life insurance policy at his expense and to maintain the wife as beneficiary of one-third of its value. In her amended petition the wife alleged that unbeknown to her the husband (a) changed the beneficiary to his second wife, (b) later cashed in the policy for its surrender value and (c) kept the proceeds for his own use. According to her allegations, the wife's decree-conferred right in life insurance clearly was not actionable until the death of the husband. It was at that point that her claim to the proceeds of the policy became enforceable. She could not invoke any available equitable remedies during the husband's lifetime because she did not know either of the beneficiary's change or of the husband's surrender of the policy for its cash value. Her claim, made against the estate within the period authorized by 58 O.S. 1981 § 331,13 was hence timely. The trial court erred when it rendered judgment against her upon the asserted claim for life insurance proceeds.").

(c)     Third-Party Defendant Tracey Louise Viney's motion for summary judgment (docket no. 21) is GRANTED;

(d)     Berry's motion for summary judgment (docket no. 29) is DENIED;

(e)     Viney's motion to strike Banner Life Ins. Co.'s response (docket no. 33) is DENIED; and

(f)     Viney's motion for leave to file an amended counterclaim against Banner Life Insurance (docket no. 35) is DENIED.

After Banner Life Insurance tenders the appropriate amount of monies into the registry of the Court, this Court will enter a Judgment disposing of this case.

SIGNED this 31st day of May, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE